DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| U.S. Citizens Association, et al., ) | |
| ) | CASE NO. 5:10 CV 1065 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGMENT ENTRY PURSUANT TO |
| ) | RULE 54(b) OF THE FEDERAL RULES |
| Kathleen Sebelius, et al., ) | OF CIVIL PROCEDURE |
| ) | |
| Defendants. ) | |

## I. PROCEDURAL BACKGROUND

The Court previously issued a Memorandum Opinion and Order granting in part and denying in part defendants' motion to dismiss plaintiffs' second amended complaint. ECF 58. Specifically, the Court denied defendants' motion to dismiss Count 1 of plaintiffs' second amended complaint alleging that the Patient Protection and Affordable Care Act (ACT) violates the Commerce Clause in Article 1 of the United States Constitution, and granted defendants' motion to dismiss plaintiffs' claims that the Act violates plaintiffs' freedom of expressive and intimate association guaranteed by the First and Fifth Amendments of the United States Constitution (Count 2), the due process clause of the Fifth Amendment of the United States Constitution (Count 3), and plaintiffs' constitutionally protected right to privacy (Count 4).[1]

Subsequently, the parties filed a joint notice that discovery was unnecessary and that the remaining issues in the case could be decided as a matter of law (ECF 59), and the Court established a briefing schedule for summary judgment motions on Count 1 of plaintiffs' second

---

[1] The Court's opinion and order is a final decision and completely disposes of Counts 2, 3 and 4 of the plaintiffs' second amended complaint.

(5:10 CV 1065)

amended complaint (ECF 67). Plaintiffs and defendants timely filed motions for summary judgment (ECF 69 and 70, respectively). Each side opposed the others' motion (ECF 78 and 79). The Court recognizes that counsel for both sides have worked very hard to provide the Court with extensive briefing and exhibits in support of their respective positions on summary judgment.

## II.  NO JUST REASON FOR DELAY OF APPEAL OF DISMISSAL OF COUNTS 2, 3 AND 4 OF PLAINTIFFS' SECOND AMENDED COMPLAINT

Rule 54(b) of the Federal Rules of Civil Procedure provides that when an action presents more than one claim for relief the Court may enter final judgment as to one or more, but fewer than all the claims, when the Court determines there is no just reason for delay. The discretionary power of a district court to enter a Rule 54(b) judgment may be exercised on the court's own motion.[2]

In this case, the dismissed claims are entirely separate from the single remaining claim (Count 1). The Court's Memorandum Opinion and Order dismissing Counts 2, 3 and 4 is final and entirely disposes of those claims. Additionally, the nature of the constitutional challenges in

---

[2] There are a number of factors that a district court should consider in determining whether to certify an issue for appeal pursuant to Rule 54(b). Those factors include 1) the relationship between the adjudicated and unadjudicated claims, 2) the possibility that the need for review may be mooted by future developments in the district court, 3) the possibility that the appellate court may have to consider the same issue on appeal a second time, and 4) miscellaneous factors such as delay, economic considerations, expense, etc. *Corrosioneering v. Thyssen Envtl. Sys.*, 807 F.2d 1279, 1282-83 (6th Cir. 1986); *Pittman v. Franklin,* 282 Fed. Apps. 418, 430 (6th Cir. 2008) (citing *Corrosioneering v. Thyssen Envtl. Sys.*).

Rule 54(b) "is intended to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple claim situations at a time that best serves the need of the litigation." *Good v. Ohio Edison,* 104 F.3d 93, 95 (6th Cir. 1997) (quoting *Day v. NLO, Inc.,* 153, 155 (6th Cir. 1993) (internal quotations and citations omitted)).

(5:10 CV 1065)

Claims 2, 3 and 4 are independent from the constitutional challenge of Count 1, so the appellate court will not likely face the same issue a second time in the future.

Four district judges in Michigan, California, Virginia and Florida have ruled with mixed results on the constitutionality of the Act relative to the Commerce Clause, and those cases are already proceeding through the next level of review.  The Court questions the relevance of any ruling it may make regarding the Commerce Clause issue given the more advanced stage of challenges to the Act in other jurisdictions and the ultimate impact of the appellate rulings in those cases on the instant case.[3]  In any event, the plaintiffs' right for appellate review as to the Court's dismissal of counts 2, 3 and 4 remains.

Lastly, the Court finds that miscellaneous factors favor an immediate appeal of Counts 2, 3 and 4.  In the Court's view, the litigants are best served by allowing an immediate appeal of the Court's dismissal of Counts 2, 3 and 4 given the uncertainty of the time period in which the constitutionality of the Act relative to the Commerce Clause will be determined in the federal courts.  The plaintiffs are entitled to a timely challenge of this Court's dismissal of seventy-five percent of their second amended complaint.

The Court concludes that its prior dismissal of Counts 2, 3 and 4 is final, and that balancing all the factors to be considered in this case and the larger context of litigation surrounding the Act, there is no just reason for delaying the entry of final judgment with respect

---

[3]The Court acknowledges that the parties have submitted well-written motions for summary judgment on count 1.  The submissions include the comprehensive and competing opinions of my colleagues in Michigan, California, Virginia and Florida.  At this point in time, any additional ruling by this Court on the constitutionality of the mandatory provisions with regard to obtaining health insurance would fall into the realm of conjecture.

(5:10 CV 1065)

to Counts 2, 3 and 4 of plaintiffs' second amended complaint, and that final judgment should be so entered.

Therefore, for the reasons stated herein, and in the Court's Memorandum Opinion and Order dated November 22, 2010, IT IS HEREBY ORDERED, ADJUDGED and DECREED that defendants' motion to dismiss Counts 2, 3 and 4 of plaintiffs' second amended complaint is GRANTED, and Counts 2, 3 and 4 of plaintiffs' second amended complaint is hereby DISMISSED WITH PREJUDICE.   This Judgment Entry is certified and entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

|   February 28, 2011 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr.<br>U.S. District Judge |