DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| U.S. Citizens Association, et al., ) | |
| ) | CASE NO. 5:10 CV 1065 |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| Kathleen Sebelius, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiffs' complaint in this case attacks the constitutionality of the recently enacted Health Care and Education Reconciliation Act. Defendants moved to dismiss plaintiffs' complaint, and the Court issued a Memorandum Opinion denying defendants' motion to dismiss Count 1 of plaintiffs' second amended complaint, and granting defendants' motion to dismiss Counts 2, 3 and 4 of plaintiffs' second amended complaint. Doc. 58.

On February 28, 2011, the Court entered a Judgment Entry pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (Doc. 82), thus permitting the plaintiffs an opportunity to immediately appeal this Court's dismissal of Counts 2, 3, and 4 of the plaintiffs' second amended complaint. Additionally, the Court observed that if it were to add its ruling regarding Count 1 of the second amended complaint to the numerous rulings already finding that the individual mandate to purchase health insurance passed a constitutional challenge or failed to pass constitutional review, that ruling would be merely an exercise in conjecture as that issue is presently on appeal before multiple circuits, including the Sixth Circuit Court of Appeals in *Thomas More Law Ctr. v. Obama*, 720 F. Supp.2d 882 (E.D. Mich 2010), appeal pending, No.

(5:10 CV 1065)

10-2388 (6th Cir.). The Sixth Circuit has approved an expedited appeal in *Thomas More*, and will hear oral argument in that case during the two-week period between May 30 - June 10, 2011.

Subsequently, plaintiffs filed a motion requesting a ruling by the Court on Count 1 of the second amended complaint, arguing that by deferring a ruling on Count 1, plaintiffs will experience prejudice to their appellate rights and denial of certain arguments necessary for the Sixth Circuit to adjudicate the constitutionality of the individual mandate on all potentially dispositive grounds because plaintiffs in the instant case advance arguments under the Commerce Clause that are not present in *Thomas More*. Doc. 83. Defendants have opposed the motion (Doc. 84) and plaintiffs have replied (Doc. 85).

The Court is not persuaded by plaintiffs' arguments for an immediate ruling on the parties' motions for summary judgment on the constitutionality of the individual mandate (Count 1). Even if the Court immediately ruled on the constitutionality of Count 1, the appeal of that ruling by the losing side would not be heard by the Sixth Circuit before *Thomas More*, which is on an expedited track. No less than 75 amicus briefs have been filed by various individuals and organizations in the *Thomas More* appeal. In order to ensure that the Sixth Circuit was aware of plaintiffs' position in this case as the *Thomas More* case is considered, plaintiffs could have filed an amicus brief in that case.

Further, the Sixth Circuit's decision in *Thomas More* will likely control - or at a minimum inform - the outcome of the instant action with respect to Count 1. It is within the sound discretion of the Court to defer a ruling in anticipation of binding precedent and/or

2

(5:10 CV 1065)

guidance from the Sixth Circuit on an issue presently before the Court.

For these reasons, and in the interest of judicial economy, plaintiffs' motion for a ruling before May 2, 2011 on the parties' motions for summary judgment on Count 1 is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| _March 17, 2011_ | _/s/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |